**ORIGINAL**

# In the United States Court of Federal Claims

No. 14-229 C
Filed: December 5, 2014
NOT PUBLISHED

**FILED**
DEC - 5 2014
U.S. COURT OF
FEDERAL CLAIMS

*****************************************

MICHAEL HARRIS,

    Plaintiff, *pro se*,

v.

THE UNITED STATES,

    Defendant.

*****************************************

**Michael Harris**, Lake City, Florida, Plaintiff, *pro se*.

**Anna Bondurant Eley**, United States Department of Justice, Civil Division, Washington, D.C., Counsel for the Government.

### MEMORANDUM OPINION AND ORDER DENYING RECONSIDERATION

On August 22, 2014, Michael Harris ("Plaintiff") filed a Motion For Reconsideration ("Pl. 59(a) Mot.") of the July 30, 2014 Memorandum Opinion and Final Order in *Harris v. United States* (Docket No. 7). For the reasons discussed herein, Plaintiff's Motion For Reconsideration is denied.

## I. RELEVANT BACKGROUND.[1]

On December 1, 2000, Plaintiff filed a Complaint against Corrections Corporation of America ("CCA") and Prison Realty Trust ("PRT") in the United States District Court for the Middle District of Florida, Jacksonville Division ("District Court"), alleging that his employer, CCA, engaged in employment discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 200e *et seq. See Harris v. Corr. Corp. of Am.*, No. 3:00-cv-1297 (M.D. Fla. 2004).

Prior to trial, the United States District Court required both parties to proffer stipulations, in lieu of offering evidence at trial. Am. Compl. 2. The District Court explained that the proposed stipulation process to Plaintiff, who initialed the document to "show [his] approval." Am. Compl. 2. The Stipulated Agreement ("Agreement") contained background factual information concerning Plaintiff's employment at CCA and the chronology of events leading up to his termination. *See generally* Am. Compl. App. 2. After both parties initialed the Agreement, the District Court read the stipulations to the jury. 3/10/2004 Dist. Order 2. On November 5, 2003, the jury returned a verdict for Plaintiff, finding that CCA "had retaliated against Plaintiff for exercising his rights under Title VII of the Civil Rights Act of 1964," 42 U.S.C. § 2000e-5. 3/10/2004 Dist. Order 1. On November 6, 2003, the District Court entered judgment on the jury verdict.

On November 24, 2003, CCA filed a Renewed Motion For Judgment As A Matter Of Law, pursuant to Fed. R. Civ. P. 50(a)(1), or, in the alternative, a Motion For New Trial or a Motion To Alter Or Amend Judgment. On March 10, 2004, the District Court granted CCA's November 24, 2003 Renewed Motion and found that Plaintiff failed to adduce admissible evidence sufficient to establish the elements of an unlawful retaliation claim entitling to damages, so the jury award was "based upon pure speculation." 3/10/2004 Dist. Order 6, 8, 12. Consequently, the District Court vacated the November 6, 2006 Judgment for the Plaintiff. 3/10/2004 Dist. Order 14. On March 11, 2004, the District Court entered Judgment in favor of CCA.

On April 9, 2004, Plaintiff filed a Notice Of Appeal in the District Court. On April 22, 2004, the District Court granted Plaintiff's April 9, 2004 Notice Of Appeal. On June 15, 2005, the United States Court of Appeals for the Eleventh Circuit affirmed the District Court's judgment in favor of CCA, as a matter of law. *Harris v. Corr. Corp. of Am.*, 139 F. App'x 156 (11th Cir. 2005).

---

[1] The relevant facts discussed herein were derived from: the April 8, 2014 Amended Complaint ("Am. Compl."), including appendices attached thereto ("Am. Compl. App. 1–2"); the April 8, 2014 Notice Of Directly Related Cases ("Pl. Notice"); Plaintiff's December 1, 2001 Complaint filed in the United States District Court for the Middle District of Florida ("Dist. Compl."); CCA's November 24, 2003 Renewed Motion For Judgment As A Matter Of Law or, in the alternative, a Motion For New Trial or a Motion To Alter Or Amend Judgment ("11/24/2003 CCA Dist. Mot."); and various United States District Court for the Middle District of Florida Orders ("\_\_\_\_ Dist. Order").

In the seven to eight years that followed, "Plaintiff [] filed numerous post-trial motions unsuccessfully seeking to reinstate the jury verdict." 7/23/2013 Dist. Order 1.[2]

## II. PROCEDURAL HISTORY.

On March 25, 2014, Plaintiff filed a Complaint in the United States Court of Federal Claims, together with two Appendices: (1) the Pretrial Stipulations ("Compl. App. B"); and (2) verification that the Agreement was and part of the District Court's record.

The Pretrial Stipulations contained the following agreed-upon facts:

- Plaintiff is an African-American and a member of a protected class under Title VII. Compl. App. A ¶ A.

- Plaintiff was employed by CCA at its correctional facility in Lake City, Florida and supervised by Chief of Security Steve Lister from January 6, 1997 until his employment was terminated by Warden David Eads on April 17, 2000. Compl. App. A ¶¶ B, C, E.

- Plaintiff was promoted to Shift Supervisor in late July 1997 and remained in that capacity until his termination. Compl. App. A ¶ I.

- From September 8, 1999 to May 8, 2000, Plaintiff filed "at least three" discrimination claims against CCA with the United States Equal Employment Opportunity Commission ("EEOC"). Compl. App. A ¶ D.

---

[2] On August 22, 2007, Plaintiff filed a Motion For Relief For Fraud ("8/22/2007 Pl. Dist. Mot."), alleging that CCA and the District Court Clerk's Office conspired to back-date CCA's 11/24/2003 post-trial motion to ensure that it was timely. 8/22/2007 Pl. Dist. Mot. 2–3. On October 26, 2007, the District Court also denied Plaintiff's August 22, 2007 Motion For Relief For Fraud ("10/26/2007 Dist. Order"), because the "record clearly and unequivocally establishes that no fraud was perpetrated on the [District] Court and Plaintiff[.]" 10/26/2007 Dist. Order 2.

On June 26, 2013, Plaintiff filed a Motion To Compel Enforcement Of Court Order. Therein, Plaintiff argued that, although the District Court's 3/10/2004 Order ruled in favor of CCA on the Title VII retaliation claim, it ruled in Plaintiff's favor with respect to his Workers' Compensation retaliation claim. On July 23, 2013, the District Court denied Plaintiff's June 26, 2013 Motion To Compel Enforcement Of Court Order for lack of jurisdiction. 7/23/2013 Dist. Order.

On August 8, 2013, Plaintiff filed a Motion For Reconsideration And Enforcement Of Stipulated Fact Agreement challenging the District Court's July 23, 2013 Order and argued, for the first time, that CCA violated the 11/3/2003 Pre-trial Statement when it filed the November 24, 2003 post-trial Motion For Judgment As A Matter Of Law. On October 10, 2013, the District Court denied the Plaintiff's amended August 8, 2013 Motion for lack of jurisdiction, as the case was on appeal.

- On September 16, 1999, Plaintiff was injured during his employment, was put on leave from September 19, 1999 to March 13, 2000, and received "medial and wage loss benefits from CCA's workers' compensation insurance carrier." Compl. App. A ¶ L, M.

- On December 27, 1999, while on leave, Plaintiff "went to work for the Florida Department of Corrections" as a corrections officer, intending to "complete a one-year probationary period of employment with the Florida Department of Corrections and to thereafter quit his employment with CCA." Compl. App. A ¶¶ N–P.

- On March 13, 2000, Plaintiff returned to work at CCA. Compl. App. A ¶ R.

- Over the following month, Warden Eads repeatedly attempted to discuss Plaintiff's employment with the Florida Department of Corrections, but Plaintiff refused to discuss the matter, because it was a "workers' comp issue." Compl. App. A ¶¶ R–U.

- On April 17, 2000, Warden Eads terminated Plaintiff's employment, because of his unwillingness to provide the information requested. Compl. App. A ¶ V.

The March 25, 2014 Complaint alleges claims for: breach of contract; a violation of the Seventh Amendment right to a jury trial; and a violation of the Fourteenth Amendment right to due process. Compl. 1. The Complaint also alleges that CCA retaliated after he filed discrimination claims and engaged in "fraud on the [c]ourt." Compl. 1. Plaintiff seeks: a jury trial to adjudicate a breach of the Pretrial Stipulations; enforcement of the Pretrial Stipulations; and payment of damages for pain and suffering caused by CCA's and PRT's breach and for "misleading the [District Court] into [taking] actions against [Plaintiff]." Compl. 4.

The March 25, 2014 Complaint also alleges that CCA violated the Pretrial Stipulations by filing the November 24, 2003 Renewed Motion For Judgment As A Matter Of Law, or in the alternative, a Motion For New Trial or a Motion To Alter Or Amend Judgment. Compl. 2. The District Court also breached the Pretrial Stipulations by granting CCA's post-trial motion. Compl. 3–4; *see also* 3/10/2004 Dist. Order. The Complaint further alleges that the breach by CCA and the District Court violated Plaintiff's Seventh Amendment rights and his right to due process of law under the Fourteenth Amendment to the United States Constitution. Compl. 3. In addition, the Complaint alleges that Plaintiff suffered considerable harm to his reputation for appearing in court. Compl. 3–4. Finally, the Complaint alleges that the statute of limitations does not apply in this case, because the District Court's judgment never became final, and CCA remains in violation of the Pretrial Stipulations. Compl. 4.

On April 8, 2014, Plaintiff filed an Amended Complaint ("Am. Compl.") to: correct a citation; further clarify the breach of contract claim; and request appointment of counsel. On the same day, Plaintiff filed a Notice Of Directly Related Cases, pursuant to Rules of the Court of Federal Claims ("RCFC") 40.2, to inform the court of the prior litigation in the United States District Court for the Middle District of Florida.

On May 20, 2014, the Government filed a Motion For Summary Dismissal ("Gov't Mot.") pursuant to RCFC 12(b)(1), arguing that the United States Court of Federal Claims does not have jurisdiction to adjudicate claims alleged in either the March 25, 2014 Complaint or April 8, 2014 Amended Complaint. On July 30, 2014, the court granted the Government's Motion and dismissed Plaintiff's case.

On August 22, 2014, Plaintiff filed a Motion For Reconsideration, pursuant to RCFC 59(a) ("Pl. 59(a) Mot."), and a Motion To Transfer to local district court in Florida ("Pl. Transfer Mot."). On September 29, 2014 the Government filed a Response To Plaintiff's Motion For Reconsideration. On November 21, 2014, the Government filed a Corrected Response To Plaintiff's Motion For Reconsideration And To Alter And Amend Judgment ("Gov't Resp.").

On October 24, 2014, Plaintiff filed a Reply And Motion To Strike Defendant's Response ("Pl. Reply").

### III. STANDARD OF REVIEW FOR MOTION FOR RECONSIDERATION.

A motion for reconsideration must be supported "by a showing of extraordinary circumstances which justify relief." *Fru-Con Constr. Corp. v. United States*, 44 Fed. Cl. 298, 300 (1999). The decision to grant or deny a motion for reconsideration lies within the discretion of the court. *See Yuba Natural Res., Inc. v. United States*, 904 F.2d 1577, 1583 (Fed. Cir. 1990) (holding that "the decision whether to grant reconsideration lies largely within the discretion of the [trial] court"). A movant cannot prevail by "merely reasserting arguments which were previously made and were carefully considered by the court." *Id.*; *see also Bishop v. United States*, 26 Cl. Ct. 281, 286 (1992) (holding that reconsideration "is not intended to give an unhappy litigant an additional chance to sway the court") (internal quotation marks and citation omitted). To prevail on a motion for reconsideration, a movant must show that: an intervening change in the controlling law has occurred; new evidence is now available; or, the motion is necessary to prevent manifest injustice. *Id.* at 286.

### IV. DISCUSSION.

#### A. Plaintiff's Argument.

Plaintiff's August 22, 2014 Motion For Reconsideration argues that the Stipulated Agreement actually was a Title VII settlement agreement and that the United States Court of Federal Claims has jurisdiction to entertain claims alleging breaches of Title VII settlement agreements under *Holmes v. United States*, 657 F.3d 1303 (Fed. Cir. 2011) and *VanDesande v. United States*, 673 F.3d 1342 (Fed. Cir. 2012). Pl. 59(a) Mot. at 3. According to Plaintiff, *Holmes* held that a suit against the government alleging a breach of a settlement agreement is "fundamentally a suit to enforce a contract" and therefore within this court's jurisdiction. Pl. 59(a) Mot. at 4. In addition, *VanDesande* held that a settlement agreement is a contract "'within the meaning of the Tucker Act.'" Pl. 59(a) Mot. at 4 (quoting *Vandesande*, 673 F.3d 1351). Thus, Plaintiff argues that this court has jurisdiction over his breach of contract claim. Pl. 59(a) Mot. at 5–6.

Plaintiff also claims that the court erred in dismissing his Seventh and Fourteenth Amendment claims. Pl. 59(a) Mot. at 9–12. According to Plaintiff, *McBryde v. United States*,

5

299 F.3d 1357, 1361 (Fed. Cir. 2002) held that the use of the word "shall" generally makes a statute money-mandating. Pl. 59(a) Mot. at 11. Since the Seventh and Fourteenth Amendments contain the word "shall," they are money-mandating and the court erred in dismissing Plaintiff's Seventh and Fourteenth Amendment claims. Pl. 59(a) Mot. at 11.

Next, Plaintiff argues that the court should reconsider its decision, because the district court's judgment was not final. Pl. 59(a) Mot. at 13. According to Plaintiff, because "there was never any pre-judgment interest added to the judgment in this [c]ase[,]" the court "did not have jurisdiction over the post-trial motions in this [c]ase." Pl. 59(a) Mot. at 12–13.

In addition, the Government violated RCFC 11, because the Government's attorneys failed to sign the Government's September 29, 2014 Response. Pl. Reply at 9–10. Moreover, electronic signatures are not allowed where the Government "cannot forward any e-mails to the [c]ourt" and where the Government "[has not] made any notifications to [Plaintiff] to do so." Pl. Reply at 10. Thus, Plaintiff argues that the court should strike the Government's September 29, 2014 Response. Pl. Reply at 10.

Finally, if the court does not reconsider its dismissal of Plaintiff's case on jurisdictional grounds, Plaintiff requests that the court transfer this action to a court of competent jurisdiction "'in the interest of justice.'" Pl. Transfer Mot. at 2 (quoting 28 U.S.C. § 1631); Pl. 59(a) Mot. at 14–15.

### B.    The Government's Response.

The Government responds that Plaintiff's breach of contract claim has no merit, because "the Stipulated Agreement that forms the basis for [Plaintiff's breach of contract] claim is not a Title VII settlement agreement." Gov't Resp. at 6 (emphasis omitted). The Stipulated Agreement is "bereft of any language suggesting that [Plaintiff] and CCA have agreed to any sort of settlement"; the stipulation was read to the jury at trial "so that the *jury* could determine the outcome of the Title VII dispute between [Plaintiff] and CCA." Gov't Resp. at 6. The Government adds that even if the Stipulated Agreement were a Title VII settlement agreement, *Holmes* and *VanDesande* are not applicable, because these cases "do not stand for the proposition that the Court of Federal Claims possesses broad jurisdiction to adjudicate any and all contractual breach claims that might be related to Title VII settlement agreements." Gov't Resp. at 6. "[B]oth cases still require, as a prerequisite to Tucker Act jurisdiction, that the United States be a party to the alleged agreement." Gov't Resp. at 6 (emphasis omitted) (citing *Holmes*, 657 F.3d at 1309). The Government was not a party to this contract, because "the Stipulated Agreement is between Plaintiff and CCA only." Gov't Resp. at 8 (emphasis omitted). "The district court's only role was to read those facts to the jury, which it did." Gov't Resp. at 8.

The Government then argues that the cases cited by Plaintiff in support of his Seventh and Fourteenth Amendment claims do not stand for the proposition that the word "shall" makes a statute money-mandating. Gov't Resp. at 8. These cases actually hold that "the use of the word 'shall' or similar language *in connection with acts obligating the Government to pay money,* has a money-mandating effect." Gov't Resp. at 8 (citing *McBryde*, 299 F.3d at 1361). Because the Seventh and Fourteenth Amendment do not use the word "shall" "in connection with acts

signifying any payment obligation on the part of the Government[,]" the court correctly held that the Seventh and Fourteenth Amendments are not money-mandating. Gov't Resp. at 9.

The Government next claims that "[a]ny finality, or lack thereof, with respect to the district court's decision . . . has absolutely no bearing on the question of whether this [c]ourt possesses subject matter jurisdiction to entertain [Plaintiff's] [C]omplaint." Gov't Resp. at 9. The real issue is whether Plaintiff has any claim against the United States Government "based upon any money-mandating source of law, or based upon any express or implied contract with the United States." Gov't Resp. at 10. Because Plaintiff does not have such a claim, the court correctly dismissed Plaintiff's Complaint. Gov't Resp. at 10.

Finally, the Government argues that transferring Plaintiff's case to any other venue is not warranted. Gov't Resp. at 10. Under 28 U.S.C. § 1631, this court may transfer a case "when three elements are met: (1) The transferring court lacks subject matter jurisdiction; (2) the case could have been filed in the court receiving the transfer; and (3) the transfer is in the interest of justice." *Brown v. United States*, 74 Fed. Cl. 546, 550 (2006). According to the United States Court of Appeals for the Federal Circuit, the phrase "'if in the interest of justice' relates to claims which are nonfrivolous and as such should be decided on the merits." *Galloway Farms, Inc. v. United States*, 834 F.2d 998, 1000 (Fed. Cir. 1987). Here, Plaintiff "has not stated a colorable breach of contract claim against any entity," he has not brought any claims that are legally viable, and his defamation and fraud claims would be untimely under Florida law. Gov't Resp. at 11–12 (citing FL. STAT. ANN. § 95.11(4)(g) (two-year statute of limitations for defamation) and FL. STAT. ANN. § 95.11(3)(j) (four-year statute of limitations for fraud)). Transferring the case would not be in the interest of justice. Gov't Resp. at 10–11.

### C.  The Court's Resolution.

Plaintiff's August 22, 2014 Motion For Reconsideration argues that the Stipulated Agreement was actually a Title VII settlement agreement and that the United States Court of Federal Claims has jurisdiction to entertain claims alleging breaches of Title VII settlement agreements. Pl. 59(a) Mot. at 3. As discussed in the July 30, 2014 Memorandum Opinion and Final Order in *Harris v. United States* (Docket No. 7), the Stipulated Agreement was between private parties: Plaintiff and Plaintiff's former employer, CCA. *See* Am. Compl. App. 2. Even assuming, *arguendo*, that the Agreement is a contract between the Government and Plaintiff, his contract claim must still be dismissed for lack of jurisdiction, because the Agreement cannot "fairly be interpreted as contemplating money damages for breach." *Holmes*, 657 F.3d at 1315. The Agreement does not provide for payments, and nothing in the language contained therein indicates money damages were contemplated as a remedy for breach. *See* Am Compl. App. 2.

Plaintiff argues that the word "shall" found in the language of the Seventh and Fourteenth amendments makes them money-mandating statutes. Pl. 59(a) Mot. at 9–12. Plaintiff is incorrect, because the use of the word "shall" in the cases cited has a money-mandating effect only in connection with acts obligating the Government to pay money. *See McBryde*, 299 F.3d at 1361. Because the Seventh and Fourteenth Amendments do not use the word "shall" in connection with the Government's obligation to pay money, the Seventh and Fourteenth amendments are not money-mandating.

7

Plaintiff's October 24, 2014 Reply and Motion To Strike Government's Response argues that the Government violated RCFC 11, because the Government's attorneys failed to properly sign the Government's September 29, 2014 Response. Pl. Reply at 9–10. But, the RCFC does not state that electronic signatures are disallowed for *pro se* cases. Appendix E of RCFC prescribes the procedures governing electronic filings of cases to the court's system; it does not prohibit electronic signatures on otherwise properly filed documents. *See* RCFC App. E. Thus, Plaintiff fails to establish a legitimate ground for striking the Government's Response.

Finally, Plaintiff requests that the court transfer this action to a court of competent jurisdiction "in the interest of justice," in the event that the court does not reconsider its dismissal of Plaintiff's case on jurisdictional grounds. Pl. Transfer Mot. at 2. Under 28 U.S.C. § 1631, this court may transfer a case "when three elements are met: (1) The transferring court lacks subject matter jurisdiction; (2) the case could have been filed in the court receiving the transfer; and (3) the transfer is in the interest of justice." *Brown*, 74 Fed. Cl. at 550. According to the United States Court of Appeals for the Federal Circuit, the phrase "'if it is in in the interest of justice' relates to claims which are nonfrivolous and as such should be decided on the merits." *Galloway Farms*, 834 F.2d at 1000 (quoting 28 U.S.C. § 1631). "Frivolous claims include 'spurious and specious arguments' and 'distortion and disregard of the record and opposing authorities, [which] indicate plainly that the present appeal does not rest on the razor's edge of frivolity, but falls clearly on the side of the frivolous.'" *Id.* (quoting *Devices for Med., Inc. v. Boehl*, 822 F.2d 1062, 1068 (Fed. Cir. 1987). Here, Plaintiff's claims are frivolous, because his Seventh and Fourteenth Amendment claims and his RCFC 11 claim concerning electronic signatures are unsupported by case law or the RCFC. Plaintiff also fails to establish a breach of contract—or that there is even a contract between him and the Government. Therefore, transferring the case would not be in the interest of justice, and Plaintiff's Motion For Transfer Of Case must be denied.

## V.     CONCLUSION.

For these reasons, the court has determined that Plaintiff did not establish a manifest error of law or mistake of fact. *See Bishop*, 26 Cl. Ct. at 286. The court also has considered Plaintiff's arguments in his Motion To Strike and finds them to be frivolous. Accordingly, Plaintiff's August 22, 2014 Motion for Reconsideration and October 24, 2014 Motion to Strike are denied.

**IT IS SO ORDERED.**

SUSAN G. BRADEN
**Judge**

8